UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Andrew S. Turkish, Esq.
Carl M. Perri, Esq.
Clausen Miller P.C.
100 Campus Drive, Suite 112
Florham Park, NJ 07932
973-410-4140
aturkish@clausen.com
*Attorneys for Defendant,*
*The Credit Pros International Corporation*

---------------------------------------------------------X
DYLAN HANCOCK,

       Plaintiff,

       v.

THE CREDIT PROS INTERNATIONAL
CORPORATION,

       Defendant.
---------------------------------------------------------X

CIVIL ACTION NO.:
20-cv-02826-SRC-CLW

**AMENDED ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant, The Credit Pros International Corporation ("Defendant", "Credit Pros", or "Answering Defendant"), by and through its counsel, Clausen Miller P.C., by way of an Amended Answer, answers the Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 1 of the Complaint and therefore leaves plaintiff to his proofs.

2. Admitted.

3. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 3 of the Complaint and therefore leaves plaintiff to his proofs and refers all questions of law to the Court for resolution.

4. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 4 of the Complaint and therefore leaves plaintiff to his proofs, refers all questions of law to the Court for resolution, and denies any wrongdoing.

5. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 5 of the Complaint and therefore leaves plaintiff to his proofs and refers all questions of law to the Court for resolution.

6. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 6 of the Complaint and therefore leaves plaintiff to his proofs and refers all questions of law to the Court for resolution.

7. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 7 of the Complaint and therefore leaves plaintiff to his proofs.

8. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 8 of the Complaint and therefore leaves plaintiff to his proofs.

9. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 9 of the Complaint and therefore leaves plaintiff to his proofs and refers all questions of law to the Court for resolution.

10. Admitted.

11. Denied as plaintiff has not defined the term "telemarketing" contained in paragraph 11 of the Complaint.

12. Denied as plaintiff has not defined the term "pre-recorded" contained in paragraph 12 of the Complaint, however, any and all outbound calls are sent by Credit Pros to a consenting recipient.

13. Denied.

14. Denied as plaintiff has not defined the terms "autodialed text messages" contained in paragraph 14 of the Complaint, however, any and all text messages are sent by Credit Pros to a consenting recipient.

15. Denied.

16. Denied.

17. Denied.

18. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 18 of the Complaint and therefore leaves plaintiff to his proofs, refers all questions of law to the Court for resolution, and denies any wrongdoing.

19. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 19 of the Complaint and therefore leaves plaintiff to his proofs, refers all questions of law to the Court for resolution, and states to the extent that plaintiff is quoting from a published legal authority then the document quoted speaks for itself.

20. Denied as any and all contact with plaintiff was with his consent.

21. Admitted.

22. Admitted.

23. Admitted.

7574263.1

24. Denied.

25. Denied.

26. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 26 of the Complaint and therefore leaves plaintiff to his proofs and denies any wrongdoing.

27. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 27 of the Complaint and therefore leaves plaintiff to his proofs and denies any wrongdoing.

28. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 28 of the Complaint and therefore leaves plaintiff to his proofs.

29. Denied and plaintiff has not defined the term "pre-recorded" and "spoofed" contained in paragraph 29 of the Complaint, however, any and all outbound calls are sent by Credit Pros to a consenting recipient.

30. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 30 of the Complaint and therefore leaves plaintiff to his proofs and denies any wrongdoing.

31. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 31 of the Complaint and therefore leaves plaintiff to his proofs, states that plaintiff's actions are unknown and defendant denies any wrongdoing.

32. Denied.

33. Denied.

7574263.1

34. Denied.

35. Denied.

36. Denied.

37. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 37 of the Complaint and therefore leaves plaintiff to his proofs.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied and defendant refers all questions of law to the Court for resolution.

43. Denied and defendant refers all questions of law to the Court for resolution and denies any wrongdoing.

44. Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 44 of the Complaint and states that to the extent that plaintiff is quoting a court rule, which plaintiff has failed to cite, then the court rule speaks for itself and defendant refers all questions of law to the court for resolution.

45. Denied and defendant refers all questions of law to the court for resolution.

46. Denied and defendant refers all questions of law to the court for resolution.

47. Denied and defendant refers all questions of law to the court for resolution.

48. Denied and defendant refers all questions of law to the court for resolution.

## AS TO THE FIRST CAUSE OF ACTION

49. Defendant repeats and reasserts its responses to paragraphs 1 through 48 of the Complaint as if set forth at length herein.

50. Denied.

51. Denied.

52. Denied.

WHEREFORE, Answering Defendant demands that Judgment be entered in its favor dismissing Plaintiff's Complaint with prejudice and awarding it attorney's fees, costs, and expenses and any further relief as the Court may deem equitable and just.

## AS TO THE SECOND CAUSE OF ACTION

53. Defendant repeats and reasserts its responses to paragraphs 1 through 52 of the Complaint as if set forth at length herein.

54. Denied.

55. Denied.

56. Denied.

WHEREFORE, Answering Defendant demands that Judgment be entered in its favor dismissing Plaintiff's Complaint with prejudice and awarding it attorney's fees, costs, and expenses and any further relief as the Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as to the Answering Defendant, and Answering Defendant reserves the right to move, at or before the time of trial, to dismiss the Complaint for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Answering Defendant violated no legal duty owed to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrines of Waiver, Laches, Collateral Estoppel, Judicial Estoppel and Equitable Estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and the claims therein are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a case for Class Certification under the applicable court rules and case law.

## SIXTH AFFIRMATIVE DEFENSE

Defendant asserts all applicable defenses under the Telephone Consumer Protection Act (47 U.S.C. § 227 et seq.) and applicable case law.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the doctrine of consent, express consent, and prior express consent under the Telephone Consumer Protection Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were caused by the conduct of the Plaintiff or third parties over whom the Answering Defendant has no control.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendant asserts that the claim is barred in whole or in part due to Plaintiff's Comparative Negligence and asserts the Comparative Negligence Act.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant has complied with all applicable laws, regulations and standards applicable to the facts alleged in this action.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were not proximately caused by the Answering Defendant's conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of unclean hands and/or legal and/or equitable fraud.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered an injury which is compensable at law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts the doctrine of good faith and reasonableness.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the subject telephone calls (including but not limited to text messages and pre-recorded calls) constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone calls violates the First Amendment right of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or limited because Plaintiff and/or the putative classes Plaintiff seeks to represent lack standing to bring this action. Neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution.

### EIGHTEEN AFFIRMATIVE DEFENSE

Defendant asserts that the Court lacks subject matter jurisdiction over this matter because the Telephone Consumer Protection Act (TCPA) is unconstitutional.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserve their right to amend its Answer and assert additional defenses as determined through the course of litigation.

### DENIAL OF ANY UNANSWERED ALLEGATIONS

Answering Defendant hereby denies any paragraph of Plaintiff's Complaint not specifically responded to above.

### JURY DEMAND

Defendant, The Credit Pros International Corporation, hereby demands a trial by jury in this action.

### CERTIFICATION

I hereby certify that to the best of my knowledge, there exists no other action pending in any court or in arbitration concerning this action and that no other action is contemplated.  To my knowledge, all parties who should be joined in this action have been joined.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                  CLAUSEN MILLER P.C.

Dated:  July 19, 2021                  By:    */s/Andrew S. Turkish*
                                                         Andrew S. Turkish, Esq.
                                                         Carl M. Perri, Esq.
                                                         Attorneys for Defendant,
                                                          The Credit Pros International Corporation

7574263.1