## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DYLAN HANCOCK,** individually and on behalf of all others similarly situated, | No. 2:20-cv-02826-SRC-CLW |
| *Plaintiff,* | Magistrate Judge Cathy L. Waldor |
| *v.* | Motion Day: February 7, 2022 |
| **THE CREDIT PROS INTERNATIONAL CORPORATION,** a New Jersey corporation, | |
| *Defendant.* | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

## TABLE OF CONTENTS

1. Background ..............................................................................................1

2. Argument ...............................................................................................4

## TABLE OF AUTHORITIES

### Cases

*Blow v. Bijora*, 855 F.3d 793 (7th Cir. 2017) ...........................................5

*Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13CV1556-JLS DHB, 2014 U.S. Dist. LEXIS 110161 (S.D. Cal. Aug. 7, 2014) .................................6

*Henderson v. United Student Aid Funds, Inc.*, No. 13CV1845-JLS BLM, 2015 U.S. Dist. LEXIS 107342 (S.D. Cal. July 28, 2015)....................................6

*Hicks v. Hous. Baptist Univ.*, No. 5:17-CV-629-FL, 2020 U.S. Dist. LEXIS 8382 (E.D.N.C. Jan. 17, 2020) ...........................................................................5

*Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52 (2nd Cir. 2018).....................5

*Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014) ..........5

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869 (N.D. Ill. June 13, 2011) ............................................................................7

*Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 U.S. Dist. LEXIS 82411 (E.D. Cal. May 30, 2017)....................................................5

*O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 U.S. Dist. LEXIS 23420 (S.D. Cal. Feb. 18, 2016)........................................................5

*Rosales v. Heath,* No. 8:17CV87, 2019 U.S. Dist. LEXIS 225294 (D. Neb. June 27, 2019)...........................................................................................4

*Stemple v. QC Holdings, Inc*., No. 12-cv-1997, 2013 U.S. Dist. LEXIS 99582 (S.D. Cal. June 17, 2013) ...........................................................................6

*Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-CV-1540, 2015 U.S. Dist. LEXIS 34965 (S.D. Cal. Mar. 13, 2015)........................................................6

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017) ..............5

*Webb v. Healthcare Revenue Recovery Group LLC*, No. 13-00737, 2014 U.S. Dist. LEXIS 11091 (N.D. Cal. Jan. 29, 2014) ...............................................6

Plaintiff Dylan Hancock moves to compel Defendant Credit Pros to identify any third parties possessing documents and information concerning Credit Pros' purported prior express written consent to call putative class members, and requests that the Court extend the discovery deadline to allow Plaintiff to complete any subsequent third party discovery and Defendant's deposition.

## BACKGROUND

This is a putative class action brought under the Telephone Consumer Protection Act. Plaintiff has alleged, among other things, that Credit Pros called him to market its credit repair services using a prerecorded voice without his prior express written consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii), which provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A)to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or prerecorded voice … to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service ….

*Id.*; *see* 47 C.F.R. § 64.1200(a)(2) (requiring "prior express written consent of the called party" to make prerecorded telemarketing calls); *see also id.* at § 64.1200(f)(9) ("The term **prior express written consent** means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using

an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.").

Through discovery, Plaintiff has obtained call records reflecting of prerecorded telemarketing calls Defendant made using services from a company called Drips. *See* Opinion and Order (ECF 28, 29). Because of Defendant's efforts to prevent this discovery, *see id*., although Plaintiff initially served a subpoena on Drips in December 2020, Plaintiff did not receive the Drips call records until Sunday, October 31, 2021.

As a result, on November 2, 2021, Plaintiff served a second set of discovery on Defendant seeking responses to the following narrow interrogatories and requests for production relating to the Drips call records:

### Interrogatories

17. Identify which calls in the call logs produced by Drips you claim to have obtained consent to make.

18. Identify the manner in which you claim to have obtained consent for all calls in the call logs produced by Drips you claim to have obtained consent to make.

19. Identify which calls in the call logs produced by Drips you claim to have obtained consent to make in the same manner you claim to have obtained consent to make the calls reflected in the Drips calls logs to the Plaintiff.

## Requests for Production

1.      All documents reflecting consent to make any of the calls reflected in the call logs produced by Drips.

2.      Documents sufficient to identify which calls in the call logs produced by Drips you claim to have obtained consent to make in the same manner you claim to have obtained consent to make the calls reflected in the Drips calls logs to the Plaintiff.

*See* Defendant's objections and responses to Plaintiff's second set of discovery [attached as Exhibit 1].

On December 10, 2021, Defendant served substantively the same objection and response to each of Plaintiff's discovery requests:

Objection. Defendant objects to this request as it seeks information that is not relevant to the claims or defenses in this case, nor is the request proportional to the needs of the case. This request seeks information that is not relevant until such time when a class is certified, which is not a likelihood in this case. Defendant states that it is unable to respond to this request without conducting an individualized inquiry. Plaintiff must demonstrate that the proposed class is "currently and readily ascertainable based on objective criteria." *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012). "If class members are impossible to identify without extensive and individualized fact-finding or "'mini-trials,'" then a class action is inappropriate." Id. Subject to and without waiving the foregoing objection, Defendant states that Plaintiff initiated a call to Defendant on November 13, 2019 during which Plaintiff provided consent over the telephone for Defendant to contact him. Defendant did not utilize Drips during this call. *See Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 129-131, 134-135 (N.D. Tex. 2020) (denying class certification under the TCPA on the grounds that individual questions predominated over common questions involving each class member's consent and there was no way to establish consent on a class-wide basis).

Defendant also states that it is not in possession, custody, or control of the requested information.

3

*Id*. at Interrogatory no. 17.

As part of the meet and confer concerning Defendant's objections and responses, Defendant has since claimed that information concerning Defendant's consent defense is in the possession, custody, or control of "third parties." Defendant has however refused to identify any of the third parties with information and documents concerning Defendant's consent defense.  Likewise, Defendant has failed to identify any such third parties in its initial disclosures.  *See* Defendant's initial disclosures [attached as Exhibit 2].  However, unless Defendant is prepared to withdraw its consent defense, Plaintiff is entitled to further class wide discovery.

## ARGUMENT

As an initial matter, Credit Pros has claimed that it had consent to make all of the calls reflected in the Drips call logs. *E.g.*, Amended Answer (ECF 30) at ¶ 12 ("any and all outbound calls are sent by Credit Pros to a consenting recipient"). Consent is an affirmative defense. *See Rosales v. Heath,* No. 8:17CV87, 2019 U.S. Dist. LEXIS 225294, at *9 (D. Neb. June 27, 2019) ("The FCC ruled that 'if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the *caller* to prove that it obtained the necessary prior express consent.".  Consistent with that burden, all circuit courts deciding the question of whether consent is part of a prima-facia TCPA case or an affirmative defense have  concluded that  consent is  an affirmative defense,  including  the Seventh Circuit. *See Latner v. Mount Sinai Health Sys., Inc.*, 879 F.3d 52, 54 (2nd

Cir. 2018); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *Blow v. Bijora*, 855 F.3d 793, 803 (7th Cir. 2017); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1115 (11th Cir. 2014).").

Courts have repeatedly found that in putative class actions TCPA plaintiffs are entitled to broad discovery regarding other class members that defendants called, including any evidence regarding consent to make the calls, notwithstanding defendants' generic, general objections and self-serving assertions that no classes can be certified. *Hicks v. Hous. Baptist Univ.*, No. 5:17-CV-629-FL, 2020 U.S. Dist. LEXIS 8382, at *11-14 (E.D.N.C. Jan. 17, 2020) (compelling defendant and a third party to provide class related discovery and rejecting their argument that such discovery was inappropriate because the class was not certifiable); *Mbazomo v. ETourandTravel, Inc.*, No. 2:16-CV-02229-SB, 2017 U.S. Dist. LEXIS 82411, at *14 (E.D. Cal. May 30, 2017) ("Since Plaintiff must prove this element, she should have the opportunity to conduct proportional discovery on it. Though the Court is sympathetic to the burden concerns of producing enormous and lengthy data files, the ability to do so via csv and spreadsheet-ready data files reassures the Court that the request is proportional to the needs of the case, especially given that Defendant may rely on these same files to establish defenses."); *O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 U.S. Dist. LEXIS 23420, at *8 (S.D. Cal. Feb. 18, 2016) ("This information is relevant both to class certification and to the merits of the case."); *Henderson v. United Student Aid Funds, Inc.*, No. 13CV1845-JLS BLM,

2015 U.S. Dist. LEXIS 107342, at *21 (S.D. Cal. July 28, 2015) ("Plaintiff's request for the outbound call list is reasonably calculated to identify the recipients and number of calls made during the class period, and thus is relevant to establish FRCP 23 requirements of numerosity and commonality."); *Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-CV-1540, 2015 U.S. Dist. LEXIS 34965, at *4 (S.D. Cal. Mar. 13, 2015) ("the outbound call list [to be] reasonably calculated to identify the number of recipients of calls made during the class period, which is relevant to Rule 23 requirements"); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13CV1556-JLS DHB, 2014 U.S. Dist. LEXIS 110161, at *3 (S.D. Cal. Aug. 7, 2014) ("[T]he outbound dial list was to be produced in a searchable electronic format, and that the list was to be a complete, unfiltered list that contained all the numbers dialed."); *Webb v. Healthcare Revenue Recovery Group LLC*, No. 13-00737, 2014 U.S. Dist. LEXIS 11091 (N.D. Cal. Jan. 29, 2014) (outbound dial list is relevant to class certification issues of ascertainability, commonality and typicality); *Stemple v. QC Holdings, Inc*., No. 12-cv-1997, 2013 U.S. Dist. LEXIS 99582, at *22 (S.D. Cal. June 17, 2013) (ordering production of "any and all communications, written or otherwise, on which Defendant would rely on at trial or other hearing, to show prior express consent was given for all cellular numbers that were actually dialed within the statutory term").

As another district court held in a TCPA case when compelling similar information:

6

> If defendant cannot substantiate this defense with documents or information responsive to the interrogatory, it should say so under verification and withdraw that defense.

*Martin v. Bureau of Collection Recovery*, No. 10 C 7725, 2011 WL 2311869, at *1 (N.D. Ill. June 13, 2011).

Here Credit Pros has asserted that it had consent to make all of the calls in the Drips call logs, but seemingly admits that it has no information or documents reflecting that consent. Instead, it asserts that information and documents are in the hands of some number of "third parties." But Credit Pros has failed and refused to identify who these third parties are in its discovery responses, as part of the meet and confer regarding the deficiencies in its responses, or -- as required under Rule 26 – in its initial disclosures. *See* Rule 26(a)(1) (requiring parties to identify all third parties with information documents and information that will be used to support their claims and defenses).

Defendant's objections to all of Plaintiff's related interrogatories and requests for production are unfounded, and Plaintiff is entitled to class wide discovery concerning Defendant's consent defense. The Court should therefore compel Defendant to identify all third parties with purported consent information, and permit Plaintiff to subpoena these third parties and then depose Defendant's corporate representative concerning, among other things, any documents or information received in response to such third party subpoenas.

7

## CERTIFICATE OF CONFERRAL

On December 20, 2021, the parties' counsel conferred telephonically concerning the relief Plaintiff requests in this motion, which Defendant opposes.

Respectfully Submitted,

**DYLAN HANCOCK**, individually and on behalf of those similarly situated individuals

Dated: January 3, 2022

*/s/ Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (*Pro Hac Vice*)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

## CERTIFICATE OF SERVICE

I, hereby certify that on January 3, 2022, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record.

*/s/ Stefan Coleman*

8