## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**KAUFMAN DOLOWICH & VOLUCK, LLP**
BY    RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
Four Penn Center
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
Telephone: (215) 501-7002
Facsimile: (215) 405-2973
rperr@kdvlaw.com; mlittman@kdvlaw.com
**Attorneys for Defendant The Credit Pros International Corporation**

| | | |
|---|---|---|
| DYLAN HANCOCK, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : : | NO. 2:20-cv-02826-SRC-CLW |
| THE CREDIT PROS INTERNATIONAL CORPORATION, a New Jersey Corporation, | : : : : | |
| Defendant. | : | JURY TRIAL DEMANDED |

**DEFENDANT THE CREDIT PROS INTERNATIONAL CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

      In addition to those objections set forth below, Defendant The Credit Pros International Corporation ("Defendant") makes the following objections and responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents (hereinafter "Discovery Requests"):

      1.    Defendant objects to the Discovery Requests to the extent they seek to impose upon Defendant obligations that are greater than and/or inconsistent with the requirements of the Federal Rules of Civil Procedure, the Local Rules of the District Court for the District of New Jersey, or any other applicable rule or law.

      2.    Defendant objects to each of the Discovery Requests to the extent that they seek information that is neither relevant to the claims or defenses in this action, nor proportional to the needs of the case.

      3.    Defendant objects to the Discovery Requests to the extent they seek to require Defendant to make representations concerning the knowledge or awareness of Defendant as an organization, where knowledge may be limited to individual

current or former employees of Defendant and/or Defendant does not have access to all the individuals who could have had knowledge or awareness at the relevant point in time. Unless otherwise stated, Defendant's responses to Discovery Requests concerning knowledge or awareness of Defendant are based upon Defendant's reasonable efforts to determine the knowledge of the most relevant current employees and are not intended to represent the knowledge of each and every current and/or former employee and are not to be construed as an admission of Defendant's knowledge or awareness as an organization.

4. Defendant objects to the Discovery Requests to the extent they seek to require Defendant to make representations concerning the actions of individuals to whom Defendant does not have access.

5. Defendant objects to each of the Discovery Requests to the extent they call for the production of information in the possession, custody, or control of persons or entities other than Defendant. Defendant will only produce documents and information in its possession, custody, or control.

6. Defendant objects to each of the Discovery Requests to the extent that they call for the disclosure of information equally available to Plaintiff.

7. Defendant objects to the Discovery Requests to the extent that they purport to require Defendant to seek information and/or documents in the possession of other persons or entities or to create documents not presently in the possession, custody or control of Defendant. Defendant further objects to the Discovery Requests to the extent that they request information that is in the public domain and is, therefore, equally available to all parties. Defendant will seek information and/or documents only to the extent that such information or materials are in the possession, custody or control of Defendant and are not otherwise publicly available.

8. Defendant objects to the Discovery Requests to the extent that they are vague and ambiguous, overly broad or unduly burdensome, and seek information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.

9. Defendant objects to each of the Discovery Requests to the extent that they seek cumulative or duplicative information.

10. Defendant objects to the Discovery Requests to the extent that they fail to identify with the necessary specificity the information or documents sought.

11. Defendant objects to the Document Requests to the extent they seek the production of confidential and/or proprietary information. Such documents, to the extent they are relevant to the issues in this action, will be produced only pursuant to an appropriate confidentiality agreement.

12. Defendant objects to the Discovery Requests to the extent that they seek

      information and/or documents subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or protection.  Privileged or protected information and/or documents that may otherwise be responsive to a particular Discovery Request will not be produced or otherwise disclosed.  Defendant does not waive, and intends to preserve, any applicable privilege or protection.  In the event that any privileged or protected information and/or document is disclosed by Defendant, its disclosure is inadvertent and will not constitute a waiver of any privilege or protection.

13. Defendant objects to the Discovery Requests to the extent they would require Defendant to violate the privacy or proprietary rights of others, including, but not limited to, rights of financial privacy.

14. In responding to the Discovery Requests, Defendant does not in any way waive or intend to waive:

    (a) all objections as to competency, relevancy, materiality and/or admissibility of such responses;

    (b) all rights to object on any ground to the use of any of the responses herein, or documents produced in connection herewith, in any subsequent proceedings, including the trial of this action or any other action;

    (c) all rights to assert any affirmative defense;

    (d) all objections as to vagueness or ambiguity; and

    (e) all rights to object on any ground to any further Discovery Requests, document requests or other discovery requests involving or related to the Discovery Requests.

15. The failure of Defendant to make a specific objection to a particular, individual request contained in the Discovery Requests is not, and shall not be construed as, an admission regarding the existence of information that might be responsive to the particular request.  Likewise, any statement herein with which Defendant will respond to an individual request contained in the Discovery Requests does not mean that there exists information that might be responsive to the particular request, but instead reflects the intention of Defendant, subject to its objections, to conduct a reasonable search for the information sought in that request.

16. Defendant objects to the Discovery Requests to the extent they seek information or documents other than that which may be obtained through a reasonably diligent search.  In responding to the Discovery Requests, thus far, Defendant has made a reasonable inquiry and has conducted a reasonable search of information and materials within its possession, custody or control in those places where information that might be responsive to the Discovery Requests was most likely to be found.  To the extent that Plaintiff seeks to require Defendant to undertake any action beyond that described above, Defendant objects to the Discovery Requests as unduly burdensome, oppressive, not proportional to the needs of the case, harassing, and seeking information not

within the possession, custody or control of Defendant.

17. To the extent Defendant refers to any documents, testimony or witnesses, such references are given as references and examples only. They are not, and are not meant to be, an exhaustive recitation of all the evidence supporting a particular point or issue, and Defendant does not hereby limit itself from subsequently relying on any pleadings filed, any testimony given, and any documents produced and/or marked at any deposition in this action, including any pleadings filed, testimony given, documents produced or marked after the date of these answers and any expert opinion or testimony.

18. Defendant objects to each of the Discovery Requests to the extent that they require Defendant to seek information not within the possession, custody, or control of Defendant.

19. Defendant objects to each definition and instruction contained in the Discovery Requests to the extent that they contain inaccurate, incomplete, or misleading descriptions of facts, persons, or events associated with this action.

20. Defendant reserves the right to rely, at the time of trial or in other proceedings in this action, upon evidence not provided in the responses to the Discovery Requests regardless of whether, *inter alia*, any evidence is newly discovered or is currently in existence.

21. Defendant objects to the Discovery Requests to the extent that they: (i) require Defendant to provide lengthy narrative responses to impermissibly broad or compound questions; (ii) call for Defendant to marshal all of the facts and/or evidence known to date or to be ascertained in the future; and/or (iii) require detailed legal analysis of such information. An undertaking of this nature is not required by the Federal Rules of Civil Procedure, but rather is designed only to burden and harass Defendant and/or to force Defendant to incur unwarranted, unnecessary and excessive expenses in discovery.

22. Defendant has not completed its investigation of all the facts related to this action. All of the responses contained herein, therefore, are based only on such information as is presently available to Defendant. Further investigation, research, and analysis may supply additional facts, add meaning to known facts, and perhaps establish new factual conclusions, all of which may in turn lead to substantial additional changes or responses. Accordingly, Defendant reserves the right to modify or supplement these responses pursuant to the Federal Rules of Civil Procedure.

# INTERROGATORIES

17. Identify which calls in the call logs produced by Drips you claim to have obtained consent to make.

**RESPONSE**: **Objection. Defendant objects to this request as it seeks information that is not relevant to the claims or defenses in this case, nor is the request proportional to the needs of the case. This request seeks information that is not relevant until such time when a class is certified, which is not a likelihood in this case. Defendant states that it is unable to respond to this request without conducting an individualized inquiry. Plaintiff must demonstrate that the proposed class is "currently and readily ascertainable based on objective criteria." *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012). "If class members are impossible to identify without extensive and individualized fact-finding or '"mini-trials,"' then a class action is inappropriate." *Id.* Subject to and without waiving the foregoing objection, Defendant states that Plaintiff initiated a call to Defendant on November 13, 2019 during which Plaintiff provided consent over the telephone for Defendant to contact him. Defendant did not utilize Drips during this call. *See Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 129-131, 134-135 (N.D. Tex. 2020) (denying class certification under the TCPA on the grounds that individual questions predominated over common questions involving each class member's consent and there was no way to establish consent on a class-wide basis).**

**Defendant also states that it is not in possession, custody, or control of the requested information.**

18. Identify the manner in which you claim to have obtained consent for all calls in the call logs produced by Drips you claim to have obtained consent to make.

**RESPONSE**: **Objection. Defendant objects to this request as it seeks information that is not relevant to the claims or defenses in this case, nor is the request proportional to the needs of the case. Defendant also objects to this request as it is vague. This request seeks information that is not relevant until such time when a class is certified, which is not a likelihood in this case. Defendant states that it is unable to respond to this request without conducting an individualized inquiry. Plaintiff must demonstrate that the proposed class is "currently and readily ascertainable based on objective criteria." *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012). "If class members are impossible to identify without extensive and individualized fact-finding or '"mini-trials,"' then a class action is inappropriate." *Id.* Subject to and without waiving the foregoing objection, Defendant states that Plaintiff initiated a call to Defendant on November 13, 2019 during which Plaintiff provided consent over the telephone for Defendant to contact him. Defendant did not utilize Drips during this call. *See Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 129-131, 134-135 (N.D. Tex. 2020) (denying class certification under the TCPA on the grounds that individual questions**

**predominated over common questions involving each class member's consent and there was no way to establish consent on a class-wide basis).**

**Defendant also states that it is not in possession, custody, or control of the requested information.**

19.     Identify which calls in the call logs produced by Drips you claim to have obtained consent to make in the same manner you claim to have obtained consent to make the calls reflected in the Drips calls logs to the Plaintiff.

**RESPONSE**: **Objection. Defendant objects to this request as it seeks information that is not relevant to the claims or defenses in this case, nor is the request proportional to the needs of the case. This request seeks information that is not relevant until such time when a class is certified, which is not a likelihood in this case. Defendant states that it is unable to respond to this request without conducting an individualized inquiry. Plaintiff must demonstrate that the proposed class is "currently and readily ascertainable based on objective criteria." *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012). "If class members are impossible to identify without extensive and individualized fact-finding or '"mini-trials,"' then a class action is inappropriate." *Id.* Subject to and without waiving the foregoing objection, Defendant states that Plaintiff initiated a call to Defendant on November 13, 2019 during which Plaintiff provided consent over the telephone for Defendant to contact him. Defendant did not utilize Drips during this call.  *See Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 129-131, 134-135 (N.D. Tex. 2020) (denying class certification under the TCPA on the grounds that individual questions predominated over common questions involving each class member's consent and there was no way to establish consent on a class-wide basis).**

**Defendant also states that it is not in possession, custody, or control of the requested information.**

### REQUESTS FOR PRODUCTION

1.      All documents reflecting consent to make any of the calls reflected in the call logs produced by Drips.

**RESPONSE**: **Objection. Defendant objects to this request as it seeks documents that are not relevant to the claims or defenses in this case, nor is the request proportional to the needs of the case. Defendant further objects to this request as it is overbroad. Defendant also objects to this request at it seeks confidential and proprietary business information.**

**This request seeks documents that are not relevant until such time when a class is certified, which is not a likelihood in this case. Defendant states that it is unable to respond to this request without conducting an individualized inquiry. Plaintiff must demonstrate that the proposed class is "currently and readily ascertainable based on objective criteria." *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012). "If class members are impossible to identify without extensive and individualized fact-finding or '"mini-trials,"'**

**then a class action is inappropriate."** *Id.* **Subject to and without waiving the foregoing objection, Defendant states that Plaintiff initiated a call to Defendant on November 13, 2019 during which Plaintiff provided consent over the telephone for Defendant to contact him. Defendant did not utilize Drips during this call.** *See Hirsch v. USHealth Advisors, LLC***, 337 F.R.D. 118, 129-131, 134-135 (N.D. Tex. 2020) (denying class certification under the TCPA on the grounds that individual questions predominated over common questions involving each class member's consent and there was no way to establish consent on a class-wide basis).**

**Defendant also states that it is not in possession, custody, or control of the requested documents.**

2.   Documents sufficient to identify which calls in the call logs produced by Drips you claim to have obtained consent to make in the same manner you claim to have obtained consent to make the calls reflected in the Drips calls logs to the Plaintiff.

**RESPONSE**: **Objection. Defendant objects to this request as it seeks documents that are not relevant to the claims or defenses in this case, nor is the request proportional to the needs of the case. Defendant further objects to this request as it is overbroad. Defendant also objects to this request at it seeks confidential and proprietary business information.**

**This request seeks documents that are not relevant until such time when a class is certified, which is not a likelihood in this case. This request seeks documents that are not relevant until such time when a class is certified, which is not a likelihood in this case. Defendant states that it is unable to respond to this request without conducting an individualized inquiry. Plaintiff must demonstrate that the proposed class is "currently and readily ascertainable based on objective criteria."** *See Marcus v. BMW of N. Am., LLC***, 687 F.3d 583, 593 (3d Cir. 2012). "If class members are impossible to identify without extensive and individualized fact-finding or '"mini-trials,"' then a class action is inappropriate."** *Id.* **Subject to and without waiving the foregoing objection, Defendant states that Plaintiff initiated a call to Defendant on November 13, 2019 during which Plaintiff provided consent over the telephone for Defendant to contact him. Defendant did not utilize Drips during this call.** *See Hirsch v. USHealth Advisors, LLC***, 337 F.R.D. 118, 129-131, 134-135 (N.D. Tex. 2020) (denying class certification under the TCPA on the grounds that individual questions predominated over common questions involving each class member's consent and there was no way to establish consent on a class-wide basis).**

**Defendant also states that it is not in possession, custody, or control of the requested documents.**

                            **KAUFMAN DOLOWICH & VOLUCK, LLP**

BY:   <u>/s/ Monica M. Littman</u>
        RICHARD J. PERR, ESQUIRE
        MONICA M. LITTMAN, ESQUIRE
        Four Penn Center
        1600 John F. Kennedy Blvd., Suite 1030
        Philadelphia, PA 19103
        (215) 501-7024 (phone)
        (215) 405-2973 (fax)
        rperr@kdvlaw.com; mlittman@kdvlaw.com
        Attorneys for Defendant The Credit Pros International Corporation

Dated: December 10, 2021

## **CERTIFICATE OF SERVICE**

I, MONICA M. LITTMAN, ESQUIRE, hereby certify that a true and correct copy of the foregoing was served via email upon the following:

Stefan Louis Coleman, Esq.
1072 Madison Avenue, Suite 1
Lakewood, NJ 08701
law@stefancoleman.com

Avi R. Kaufman, Esq.
Kaufman P.A.
400 Northwest 26th Street
Miami, FL 33127
kaufman@kaufmanpa.com

Attorneys for Plaintiffs

Dated:  December 10, 2021

/s/ Monica M. Littman
MONICA M. LITTMAN, ESQUIRE

4862-6775-9874, v. 1

## CERTIFICATION

In accordance with 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing Responses to Plaintiff's First Set of Interrogatories are true and correct.

Name: _____

Title: **PRESIDENT**

Executed on: __12/14/__, 2021

4838-7032-8757, v. 1